GUSTAVE STERN, PROSECUTOR, v. MAYOR AND ALDER-
MEN OF JERSEY CITY, RESPONDENT.

Submitted October 11, 1929—Decided April 28, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Richard Doherty.*

For the respondent, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

This is a rule to show cause why a writ of *certiorari* should not issue to review a resolution of the governing body of Jersey City authorizing the leasing of fifty-three acres of land for an airport to the Jersey City Airport, Incorporated, and to review also the lease executed April 25th, 1929, pursuant to such resolution.

The prosecutor is a taxpayer.

He contends that the legislature did not authorize the leasing of the lands. We think that it did by the act of April 1st, 1929 (*Pamph. L.* 1929, *ch.* 26), which was in part as follows:

"The governing body of any county and/or the governing body of any municipality is hereby authorized and empowered to acquire by gift, grant, purchase, condemnation or in any

other lawful manner lands and interests therein for airport purposes *and so use lands heretofore acquired for other public purposes and now being used for airport purposes* and to erect thereon and maintain buildings for the aforesaid purposes. Upon such acquisition or use, as aforesaid, the governing body of any county and/or the governing body of any municipality *is authorized to lease said land,* so acquired, with or without consideration to the State of New Jersey, or any agency thereof, and in addition is authorized to lease the land so acquired to any person, firm or corporation for a consideration and for such term of years as may be agreed upon."

The land in question was made land filled in by the city in connection with other lands acquired with riparian rights, and had been used for airport purposes for a year or more prior to the passage of the act above mentioned, and continued to be so used, and in our judgment the act authorized the lease in such a case as this.

The prosecutor further says that the commissioner who executed the lease transcended his authority by executing a lease not in conformity with the resolution. We think the answer to this is that the lease itself was submitted with the resolution authorizing its execution, and was executed as it was submitted.

The prosecutor says that resolution was not a proper procedure, and that it should have been by ordinance. We think the answer to that is that the act is silent upon the subject, and the procedure by resolution is not shown otherwise to be legally objectionable.

The prosecutor again says that the lease in question was not legally authorized because it constituted a sale of an interest in land which with certain exceptions, is required by *Pamph. L.* 1927, *ch.* 87, *p.* 160, to be made only to the highest bidder after public advertisement. The act in part reads: "No land or any right or interest therein shall be sold by any municipality except at a public sale and to the highest bidder, after public advertisement given in a newspaper circulating in the municipality, at least once a week for two weeks prior to such sale." We think the answer to this is that,

assuming this lease to be the sale of an interest in land, it seems that the legislature by the statute of 1929 authorized it to be made to a person not necessarily the highest bidder, which seems to preclude the idea of a public sale in such case. The language of the statute of 1929 is "authorized to lease said lands, so acquired, with or without consideration to the State of New Jersey, or any agency thereof, and in addition is authorized to lease the land so acquired to any person, firm or corporation *for a consideration and for such term of years as may be agreed upon.*"

The prosecutor seems to contend also that the rent reserved is so inadequate as to amount to fraud. To this it is a sufficient answer to say that the great weight of the testimony is that the rent reserved was adequate.

But apart from the consideration which we have briefly discussed, we think that the prosecutor is clearly in laches and therefore the writ should not be allowed.

The resolution authorizing the execution of the lease was adopted April 23d, 1929, and the lease was actually executed on April 25th, 1929, and *pursuant to the terms thereof*, the lessee promptly began to make improvements on the property. The writ was not applied for until August 13th, 1929. The testimony shows to our satisfaction that the prosecutor knew of the making of the lease very shortly after it was made, and also knew of the improvements, at the time they were made, which were made pursuant to the terms of the lease, amounting to about $22,000 when this writ was applied for. This conclusion is imperative when considered in the light of the testimony as to the interest and presence of the prosecutor's son, a member of the flying school that had been located on the ground, between whom and the lessee differences arose. The prosecutor admits in effect that he delayed applying for the writ because he thought the "differences" between "the boys" and the lessee would be "straightened out," and that he applied for this writ because "they did not straighten it out."

The writ will be denied, and the rule to show cause discharged, with costs.